Filed: 3/2/2023 12:39 PM
Juli Luke
Denton County Clerk
By: Nancy Mclaughlin, Deputy

CAUSE NO. CV-2023-00813

| | |
|---|---|
| TONYA CROSSLAND,<br>      Plaintiff,<br><br>v.<br><br>HARRY LEE BARTEL AND GHUMMS AUTO CENTER OF DODGE CITY, LLC,<br>      Defendants. | IN THE COUNTY COURT<br><br><br><br>COURT AT LAW NO. 2<br><br><br><br>DENTON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **TONYA CROSSLAND**, Plaintiff, and files this, her Original Petition, complaining of Defendants, **HARRY LEE BARTEL** and **GHUMMS AUTO CENTER OF DODGE CITY, LLC**, and would show unto the Court as follows:

## I.   SELECTION OF DISCOVERY LEVEL

Discovery in this case is intended to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

## II.   JURISDICTION & VENUE

This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which are within the jurisdictional limits of this Court, to which Plaintiff is entitled to receive as compensation for the injuries described below. The Court has continuing jurisdiction over Defendants because Defendants committed a tort in whole or in part in the State of Texas.  Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's counsel states that damages are within the jurisdictional limits of this Court. Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages, harms and losses sought by Plaintiff are in an amount within the jurisdictional limits of this Court. Plaintiff's counsel is required by Rule 47(c) of the Texas

EXHIBIT C

Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiff's harms and losses suffered due to the negligence of the Defendant. The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State of Texas.

At this time, no discovery has been conducted and Plaintiff's assertion is made upon knowledge and belief at the time of filing and reserves the right to amend as more information and discovery becomes available. Plaintiff's counsel states that Plaintiff seeks monetary relief less than $250,000.  The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses and Plaintiff implicitly trusts the judgment of the good and fair judge or jury as the representatives of our community. Ultimately, Plaintiff will ask a judge or jury of Plaintiff's peers to assess a fair and reasonable amount of money damages as compensation for Plaintiff's injuries.

Venue is proper in DENTON COUNTY, Texas pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(1) because all or a substantial part of the events giving rise to this cause of action occurred in DENTON COUNTY, Texas.

Pursuant to Texas Civil Practices and Remedies Code § 15.005, as venue is proper against Defendant GHUMMS AUTO CENTER OF DODGE CITY, LLC, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or a series of transactions or occurrences.

The Court has continuing jurisdiction over Defendant HARRY LEE BARTEL because Defendant committed a tort in whole or part in the State of Texas.  The Court has jurisdiction over Defendant GHUMMS AUTO CENTER OF DODGE CITY, LLC, because (1) Defendant established "minimum contacts" with the State of Texas that give rise to the

exercise of specific personal jurisdiction and shown below, Plaintiff's cause of action arises out of or results from Defendant's "purposefully directed activities" in the State of Texas; and (2) the exercise of personal jurisdiction over Defendant GHUMMS AUTO CENTER OF DODGE CITY, LLC comports with the Due Process Clause of the 14th Amendment/does not offend the "traditional notions of fair play and substantial justice". Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-.045.  The Court has jurisdiction over the subject matter, because the damages are within the statutory jurisdictional limits of the Court.

### III. PARTIES

Plaintiff is an individual who resides in DENTON COUNTY, Texas.

Defendant HARRY LEE BARTEL is an individual whose last known address is 400 W 4th Street, Hugoton, Kansas 67951. Hunters Ridge Drive, Apt. 4, Lansing, MI 48911. Pursuant to Tex. Civ. Prac. & Rem. Code Chap. 17, Subchapter D, service of process may be obtained on Defendant by serving two (2) copies of this pleading and the citation, issued in the name of the Defendant, HARRY LEE BARTEL, with the Chair of the Texas Transportation Commission listed as the Agent of Service:

> Tryon D. Lewis, Chairman
> Texas Transportation Commission
> 125 E. 11th Street
> Austin, Texas 78701-2483

Upon information and belief available to Plaintiff at this time, Defendant GHUMMS AUTO CENTER OF DODGE CITY, LLC is a Non-Resident corporation which has at all times material hereto done business in the State of Texas with its principal place of business located at 531 S. Jackson St., Hugoton, KS 67951.  Defendant GHUMMS AUTO CENTER OF DODGE CITY, LLC does not maintain a registered agent in the State of Texas. Defendant may be served pursuant to article 5.251 of the Business Corporation Act by serving two (2) copies of this pleading and the citation, issued in the name of the Defendant, GHUMMS AUTO CENTER OF DODGE CITY, LLC, to the Secretary of State as the Agent of Service:

  Secretary of State
  James E. Rudder Building
  1019 Brazos, Room 105
  Austin, Texas, 78701

As to the Defendant that is an entity (partnerships, unincorporated associations, incorporated associations, or other entities), or individuals doing business under an assumed name, Plaintiff brings this suit in said Defendant's partnership, assumed or common name under Rule 28 of the Texas Rules of Civil Procedure. Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff reserves the right to substitute the true name of said Defendant at a later time.

### IV. FACTS

This lawsuit results from an automobile collision that occurred on March 22, 2021, on Highway 464 at Bonnie Brae Road in Denton County, Texas. At the time of the collision Defendant HARRY LEE BARTEL was operating a motor vehicle within the course and scope of his employment with Defendant GHUMMS AUTO CENTER OF DODGE CITY, LLC. Plaintiff TONYA CROSSLAND was a restrained driver of a vehicle traveling on Highway 464 in the right lane when Defendant, HARRY LEE BARTEL, who was not paying attention, changed lanes when unsafe and struck Plaintiff's vehicle.

Defendant HARRY LEE BARTEL was one hundred percent (100%) at fault for the collision because he was driving inattentively and failed to follow the rules of the roadway. The force of the impact caused Plaintiff TONYA CROSSLAND to suffer injuries and other damages set forth herein.

### V. NEGLIGENCE AND GROSS NEGLIGENCE – HARRY LEE BARTEL

At the time of the accident, Defendant HARRY LEE BARTEL was operating his vehicle in a negligent manner. Specifically, Defendant had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. The collision and the injuries of the Plaintiff were proximately caused by Defendant's negligent, careless, and reckless disregard of his

duty to the Plaintiff, including the following acts and omissions:

    i.    Defendant failed to keep a proper lookout for the Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    ii.    Defendant failed to timely apply the brakes to his motor vehicle in order to avoid the collision;

    iii.    Defendant failed to turn his vehicle to the left or right in order to avoid the collision in question;

    iv.    Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

    v.    Defendant failed to take proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances;

    vi.    Defendant failed to remain reasonably attentive to the traffic and other conditions existing on the roadway as a reasonably prudent person would have been under the same or similar circumstances;

    vii.    Defendant failed to maintain a clear and reasonable distance between other motor vehicle and Defendant's motor vehicle which would permit Defendant to bring her motor vehicle to a safe stop without colliding into other motor vehicles;

    viii.    Defendant failed to sound his horn;

    ix.    Defendant failed in his inattention to the operation of the vehicle;

    x.    Defendant failed in complying with applicable official traffic-control devices in violation of Texas Transportation Code Sec. 544.004;

    xi.    Defendant changed lanes when it was unsafe to do so;

    xii.    Defendant failed in his inattention to road signs and traffic lights; and

    xiii.    Defendant was using a cellular phone at the time of the collision.

Each of the foregoing acts and omissions, either taken singularly or in combination with others, constituted negligence and negligence per se, which proximately and directly caused the collision and Plaintiff's injuries and damages.

The conduct of Defendant when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, specifically including Plaintiff.

## VI.   NEGLIGENCE AND GROSS NEGLIGENCE – GHUMMS AUTO CENTER OF DODGE CITY, LLC

At the time of the accident, Defendant, HARRY LEE BARTEL was operating his vehicle in a negligent, and grossly negligent manner and it appears Defendant, GHUMMS AUTO CENTER OF DODGE CITY, LLC, may have been negligent in its entrustment of a motor vehicle to Defendant, HARRY LEE BARTEL.  The collision and the injuries of the Plaintiff were proximately caused by Defendant's negligent, grossly negligent, careless, and reckless disregard of their duty to Plaintiff, including the following acts and omissions:

   i.   Defendant failed to properly qualify HARRY LEE BARTEL;

   ii.  Defendant failed to hire a qualified driver, HARRY LEE BARTEL;

   iii. Defendant failed to properly supervise HARRY LEE BARTEL;

   iv.  Defendant retained driver, HARRY LEE BARTEL, after Defendant learned HARRY LEE BARTEL was unfit for his position; and

   v.   Defendant failed to properly train HARRY LEE BARTEL.

Each of the foregoing acts and omissions, either taken singularly or in combination with others, constituted negligence, gross negligence and negligence per se, which proximately and directly caused the collision and Plaintiff's injuries and damages.

The conduct of Defendant when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless

proceeded with conscious indifference to the rights, safety and welfare of others, specifically including Plaintiff.

## VII. R̲ESPONDEAT S̲UPERIOR

Defendant G̲HUMMS A̲UTO C̲ENTER OF D̲ODGE C̲ITY, LLC was incorporated at the time of the collision, and Plaintiff pleads that at the time of the accident, Defendant, H̲ARRY L̲EE B̲ARTEL, was the agent, servant, and employee of Defendant, G̲HUMMS A̲UTO C̲ENTER OF D̲ODGE C̲ITY, LLC and was acting within the scope of his authority as such agent, servant, and employee. Defendant, G̲HUMMS A̲UTO C̲ENTER OF D̲ODGE C̲ITY, LLC is liable to Plaintiff for the negligence of Defendant, H̲ARRY L̲EE B̲ARTEL, under the common law doctrine of respondeat superior.

## VIII. N̲EGLIGENCE P̲ER S̲E

On March 22, 2021, as more specifically described above, Defendant violated Tex. Transp. Code § 545.060(a), by failing in his duty of a motor-carrier driver to not move from a lane until the driver has ascertained that the movement can be made safely. Plaintiff is part of the class of persons that Tex. Transp. Code § 545.060(a) and its provisions are intended to protect. Defendant's violation of Tex. Transp. Code § 545.060(a) constituted negligence per se that proximately caused the above mentioned collision and Plaintiff's physical injuries and associated damages as described below.

## IX. D̲AMAGES

As a proximate result of Defendant's negligence, Plaintiff suffered severe injuries. Plaintiff suffered the following damages:

    i.    Medical and healthcare expenses incurred in the past;

    ii.    Medical and healthcare expenses which, in all reasonable probability, will be incurred in the future;

    iii.    Physical pain and suffering in the past;

    iv.    Physical pain and suffering which, in all reasonable probability, will be incurred in the future;

    v.    Mental anguish suffered in the past;

    vi.    Mental anguish which, in all reasonable probability will be suffered in the future;

    vii.    Physical impairment suffered in the past;

    viii.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    ix.    Lost wages suffered in the past;

    x.    Lost wages and earning capacity which, in all reasonable probability will be suffered in the future; and

    xi.    Property damage and loss of use of a motor vehicle.

## X. CONDITIONS PRECEDENT

Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiff hereby alleges all conditions precedent have been performed or have occurred.

## XI. U. S. LIFE TABLES

Notice is hereby given that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII. COST AND INTEREST

It was necessary for Plaintiff to expend money as costs of Court requisite to prosecute this cause of action. Therefore, an award of these costs to Plaintiff is authorized by Rule 131 of the Texas Rules of Civil Procedure. Plaintiff is also entitled to prejudgment and post-judgment interests as allowed by law.

## XIII. PLAINTIFF'S T.R.C.P. 193.7 NOTICE

Plaintiff, in accordance with Rule 193.7 of the Texas Rules of Civil Procedure regarding self-authenticating documents, files this notice of intent to used written

discovery documents at trial and/or any pre-trial proceedings. Plaintiff hereby gives notice to all parties that Plaintiff intends to use at trial, or at any pre-trial proceedings, all documents produced by Defendants in response to discovery from any and all parties in this cause.

### XIV. JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes demand and application for jury trial.

### XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **TONYA CROSSLAND**, respectfully requests that Defendants, **HARRY LEE BARTEL** and **GHUMMS AUTO CENTER OF DODGE CITY, LLC**, be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendants for:

i. Actual damages;

ii. Prejudgment and post judgment interest as allowed by law;

iii. Costs of suit; and

iv. Any further relief, either in law or equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**CROZIER & ROGERS, PLLC**

_/s/ Briana L Crozier_
**BRIANA CROZIER**
State Bar No. 24090055
briana@crozierrogers.com
8330 LBJ Freeway, Suite 570
Dallas, TX 75243
Phone:  214.540.7735
Fax:  214.540.1155
**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Briana Crozier on behalf of Briana Crozier
Bar No. 24090055
efile@crozierrogers.com
Envelope ID: 73277177
Status as of 3/2/2023 2:00 PM CST

Associated Case Party: TONYA CROSSLAND

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Briana Crozier | | briana@crozierrogers.com | 3/2/2023 12:39:22 PM | SENT |
| Rosa IRodriguez | | rosa@crozierrogers.com | 3/2/2023 12:39:22 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Crozier & RogersPLLC | | efile@crozierrogers.com | 3/2/2023 12:39:22 PM | SENT |